UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAQUETA T STREETER,

Plaintiff,

v.

Case No. 26-cv-1202-bhl

DONALD VANDERVEST,
BRIAN VANSCYOC,
TRACY L HINTZ and RACINE COUNTY,

Defendants.

## SCREENING ORDER

On July 9, 2026, Plaintiff Shaqueta Streeter, proceeding without an attorney, filed a complaint against Defendants Donald Vandervest, Brian Vanscyoc, Tracy Hintz, and Racine County, asserting claims related to the obtaining of records from her Facebook account by the Racine County Sheriff's Office in connection with its 2015 investigation of her brother's criminal activity. (ECF No. 1.) Streeter has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP) (ECF No. 3.) The matter is before the Court for consideration of Streeter's IFP motion and for the screening of her complaint.

## IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Streeter submitted a signed affidavit identifying her assets and financial obligations. (ECF No. 3.) She is unemployed, unmarried, and supports three dependents, providing roughly $700 each month towards their support. (*Id.* at 1.) She receives $1,000 in social security benefits monthly. (*Id.* at 2.) Her monthly rent is $1,600. (*Id.*) She has $1,000 in other household expenses per month. (*Id.*) She does not own a car, a home, or any other property of value. (*Id.* at 2–3.) She has $40.00 available in savings. (*Id.* at 3.) Based on these representations, the Court will grant Streeter leave to proceed IFP.

## SCREENING THE COMPLAINT

The Court has the authority to screen a *pro se* complaint. *Cf.* 28 U.S.C. §1915(e)(2). In doing so, the Court examines the complaint to determine whether the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id*. In screening the complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Streeter is a resident of Humble, Texas. (ECF No. 1 ¶2.) James Barker III is her brother. (*Id.* ¶1.) In 2015, the Racine County Sheriff's Office began a criminal investigation of Barker and another person, Joshua Golden. (*Id.* ¶¶1, 6, 9.) Defendants Donald Vandervest, Brian Vanscyoc, and Tracy Hintz were Sheriff's Office employees who conducted the investigation. (*Id.* ¶¶3–5.)

On May 26, 2015, Defendants downloaded information from the Facebook accounts of Streeter, Barker, and Golden, pursuant to a search warrant. (*Id.* ¶9.) Law enforcement requested information from Streeter's Facebook account because she was a Facebook friend of both Barker and Golden. (*Id.* ¶11.) The information downloaded from Streeter's page was generated between

March 1 and April 25, 2015. (*Id.* ¶17.) Defendant Hintz documented her transmission of preservation requests to Facebook for the information on April 24, 2015 and her forwarding to Facebook of the search warrant on April 28, 2015. (*Id.* ¶10.)

Ultimately, the prosecution produced the documents the investigators had downloaded from Facebook to the defense as part of discovery in Barker's criminal case. (*Id.* ¶19.) According to Streeter, defense counsel had a "warrant audit of record" that describes a "Subpoena for Facebook records" for Streeter, but other records and testimony refer to a search warrant. (*Id.* ¶21.)

The criminal case went to trial on November 16, 2018.[1] (*Id.* ¶12.) At trial, Defendant Vanscyoc testified that he was not sure if he had obtained a search warrant for Streeter's Facebook information but confirmed he had not reviewed the information. (*Id.*) Defendant Hintz testified that she obtained a search warrant, signed by Judge Faye Flancher, for Golden's Facebook records, that Streeter's records were also included in the returned records, and that she put the records into evidence, but did not actually look through Streeter's Facebook information after receiving it. (*Id.* ¶13.) A Microsoft Word document version of the warrant was produced in the underlying criminal case, and seemingly later acquired by Streeter, with meta data showing that Hintz and the other investigators had edited it. (*Id.* ¶16.) Barker was ultimately convicted of theft of moveable property valued at less than $10,000, and conspiracy to commit theft following a jury trial.[2] *Wisconsin v. Barker*, Racine Cnty. Case No. 2015CF000627, www.wcca.wicourts.gov (last visited August 27, 2026.)

In May 2026, Streeter made a Wisconsin public records request to the Racine County District Attorney's Office, asking them to produce "the warrant/subpoena face" and records to her. (ECF No. 1 ¶21.) The District Attorney's Office refused to produce the requested records, noting that its files are not public records under Wisconsin law. (*Id.*) Streeter has also, through some other unspecified means, asked the District Attorney's office to return the records to her or destroy them, but the District Attorney's Office has declined to do so. (*Id.*)

On May 26, 2026, Streeter filed a motion in the underlying 2015 criminal case to seal, restrict, return, and destroy her Facebook records. (*Id.* ¶22.) On June 4, 2026, a Racine County

[1] From context, it appears that Barker represented himself, and asked questions about Streeter's Facebook records. (ECF No. 1 ¶12.) Streeter does not allege that her records were used in any way by the prosecution at trial. She instead contends the documents were irrelevant. (*Id.* ¶¶17–18.)

[2] Barker was also found to be subject to a repeat offender enhancement under Wis. Stat. §939.62(1)(b).

Circuit Court Judge denied the motion, explaining that the records had been obtained from Facebook pursuant to a valid search warrant and that they would be retained pursuant to department policies. (*Id.* ¶23.)

## ANALYSIS

Streeter asserts three claims related to the Facebook records. The gist of her complaint is that the investigating officers unlawfully obtained her Facebook records even though she was not a suspect in the crime being investigated. In Count I, she claims that Defendants violated the Stored Communications Act (SCA), 18 U.S.C. §2703(a), by potentially obtaining her Facebook records by subpoena, rather than a warrant. In Count II, she invokes 42 U.S.C. §1983 and claims that Defendants violated the Fourth Amendment by unreasonably seizing her Facebook records. In Count III, she claims Defendants' conduct violated her privacy rights under Wisconsin law. (ECF No. 1 ¶¶29–36.) Timeliness issues aside,[3] Streeter's allegations are insufficient to state a federal claim sufficient to support this Court's jurisdiction.

Count I of the complaint alleges that Defendants improperly actually obtained Streeter's records from Facebook in violation of the SCA. (ECF No. 1 ¶¶29–31.) Streeter is correct that the SCA prohibits unauthorized access to communications in electronic storage and provides a private right of action for civil plaintiffs to recover from defendants who violate the act intentionally. 18 U.S.C. §§2701(a), 2707. The act requires governmental entities to seek a warrant to obtain electronic communication information stored by an electronic communication service for 180 days or fewer. 18 U.S.C. §2703(a). Streeter's claim fails, however, because she affirmatively alleges throughout her complaint that her records were obtained pursuant to a warrant. (ECF No. 1 ¶¶9, 10, 13, 16, 21, 23.) In addition to specifically referencing the search warrant, she also repeatedly references facts related to how Defendants obtained the warrant, and alleges facts about the

---

[3] Streeter's claims are likely untimely. Streeter was required to bring her SCA claim within two years from the date of discovery of the injury. 18 U.S.C. §§1030(g); 2707(f). Her Section 1983 claim is, like her state law privacy claim, governed by Wisconsin's statute of limitations for personal-injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Because both claims likely accrued before 2018, they are subject to Wisconsin's former six-year statute of limitations for claims for injury to a person, a limitations period that has since been reduced to three years. S*ee D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018, the Wisconsin legislature changed the relevant statute of limitations from six years to three years); *see also* Wis. Stat. §893.53 (amended Apr. 5, 2018). The Court will refrain from resolving this issue at screening, however, because it is possible that Streeter could excuse the untimeliness. She alleges she was excluded from her brother's trial in 2018 because she was a family member and thus did not learn that her Facebook records had been seized until December 2025, when she received a text message from her brother. (ECF No. 1 ¶¶25–26.) Actual knowledge aside, whether she "should have known" that her records were seized is a closer call, which the Court will not resolve at screening.

metadata connected to "the warrant files produced in the underlying case." (ECF No. 1 ¶¶3–5, 9–10, 16.) She also alleges that one of the defendants testified about obtaining a warrant signed by a judge, and complains the warrant was mishandled after being returned. (ECF No. 1 ¶¶13, 16.) These specific allegations defeat her SCA claim.

Streeter also pleads in one paragraph that Defendants obtained her records via subpoena, (*Id.* ¶31), but her detailed specific allegations defeat this more general allegation. A plaintiff may plead alternative *legal* theories in separate claims within a complaint but cannot rely upon inconsistent factual allegations that are fundamentally incompatible with its claim. Fed. R. Civ. P. 8(d)(2); s*ee Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (differentiating between inconsistent legal theories advanced in pleadings, which are permitted, and factual inconsistencies, which are not). Streeter's detailed factual allegations that her Facebook records were obtained pursuant to a warrant preclude her from bringing a claim based on them being obtained without a warrant. *See Tamayo*, 526 F.3d at 1086.

In Count II, Streeter invokes Section 1983 to claim that Defendants violated the Fourth Amendment by seizing Streeter's "private communications" without probable cause "as to her." (ECF No. 1 ¶¶32–34.) This claim also fails based on Streeter's own allegations. To bring a section 1983 claim, Streeter must identify a person or persons acting under color of law who violated her federal rights. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990). Police officers are generally persons acting under color of state law and can be held liable under Section 1983. *See id.* The Fourth Amendment generally prohibits warrantless searches and seizures and requires that warrants be supported by probable cause.[4] U.S. Cons. amend. IV; *Payton v. New York*, 445 U.S. 573, 576 (1980); *City of Los Angeles v. Patel,* 576 U.S. 409, 419–20 (2015). But Streeter affirmatively alleges that the defendants obtained a warrant to receive her records. This defeats her claim.

Streeter appears to be operating under a misunderstanding of the law. She asserts that the warrant or subpoena was not supported by probable cause "as to her" because she was never a suspect. (ECF No. 1 ¶33.) It is legally irrelevant, however, that she was not a suspect. If the investigating officers had probable cause to believe that her Facebook data contained evidence of

[4] Whether the Fourth Amendment's protection extends to Facebook messages and associated data freely given to Facebook, a third party, remains an open question. *See United States v. Cox*, 465 F.Supp.3d 854, 856 (N.D. Ind. 2020).

a crime, then the officers could seek a warrant to obtain it. *See Steagald v. United States*, 451 U.S. 204, 213 (1981). Moreover, to the extent Streeter is challenging the issuance of the warrant, Streeter does not allege any facts that would plausibly suggest the affidavit or application supporting the warrant was unsupported by probable cause to believe a crime had been committed by someone, namely her brother and Golden, and that evidence related to that crime was present in her records. (*See* ECF No. 1 ¶16.) While Streeter's Facebook records ultimately appear not to have been used at trial, that does not support an inference that the warrant itself was deficient. Streeter alleges that the search warrant was signed by a judge, and a state Court judge in the underlying case recently reaffirmed, in response to Streeter's motion, that a valid warrant was issued to obtain her information. (*Id.* ¶¶13, 18, 23, 28.) Because Streeter does not allege facts plausibly suggesting that the warrant was deficient, she merely makes a legal conclusion that it was, this claim fails. *See Iqbal*, 556 U.S. at 678 (holding legal conclusions need not be accepted as true at the pleadings stage).

Count III is a state law claim for invasion of privacy based on a Wisconsin statute. Without a viable federal claim, there is no basis for the Court to exercise supplemental jurisdiction over this state law claim. 28 U.S.C. §1367. While the parties appear to be diverse, Streeter does not allege an amount in controversy of over $75,000. (ECF No. 1 at 10.) Accordingly, the Court does not have jurisdiction based on the parties' diversity of citizenship, *see* 28 U.S.C. §1332, and this claim must be dismissed for lack of jurisdiction.

Because Streeter's complaint does not state a claim, it will be dismissed. The Seventh Circuit has instructed that a pro se plaintiff be afforded one opportunity to amend her complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Streeter believes she can cure the substantial deficiencies identified in this decision, she may file an amended complaint by September 28, 2026. The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede her prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

**CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that Streeter's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 3, is **GRANTED**.

**IT IS FURTHER ORDERED** that Streeter's Complaint, ECF No. 1, is **DISMISSED** without prejudice. If Streeter wishes to proceed with this lawsuit, she must file an amended complaint on or before **September 28, 2026**. If the Court does not receive Streeter's amended complaint by that date, it will dismiss the case for failure to prosecute pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on August 27, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge